## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARK HUNT,**
**# 08641-031,**

**Petitioner,**

    **vs.**

**JAMES CROSS,**

**Respondent.**                          **Case No. 14-cv-1252-DRH**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner Mark Hunt, an inmate in the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He seeks restoration of good conduct credit and expungement of a disciplinary ticket.

    Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. The petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 and shall receive further review.

## I.    <u>Habeas Petition</u>

In the petition, Hunt claims that he was issued a false disciplinary ticket for "[p]ossession, manufacture, introduction, or loss of a hazardous tool," as a result of an incident that occurred at FCI-Greenville on November 26, 2011 (Doc. 1, pp. 1, 8).  On that date, Hunt visited the cell of Inmate Jordan.  While in the cell, Hunt sat on Inmate Jordan's bed.

An officer soon entered the cell and ordered Hunt and Inmate Jordan to exit.  The officer searched the cell and discovered a cellular phone and an MP3 player on Inmate Jordan's bed.  At the time, the MP3 player was playing music loudly into a set of attached headphones.

Hunt was immediately placed in the special housing unit ("SHU") and blamed for possession of the contraband.  When an analysis of the cellular phone data later revealed phone numbers that were linked to Inmate Jordan and not Hunt, Inmate Jordan was instead placed in the SHU.  Inmate Jordan ultimately admitted that he "was the person responsible and in possession of the cellular phone [in] question of the incident: 108 violation" (Doc. 1, p. 6).  He also prepared a statement indicating that Hunt had no involvement in the matter (Doc. 1, p. 14).

Nevertheless, Hunt was found guilty of "[p]ossession, manufacture, introduction, or loss of a hazardous tool," after it was determined that he aided Inmate Jordan in the rule violation (Doc. 1, p. 4).  Hunt points to several alleged due process violations, in connection with this matter (Doc. 1, p. 1).  First, he claims that the finding of guilt was based on insufficient evidence, i.e., the officer's

assumption that Hunt admitted guilt when he allegedly "made a quick gesture with his hands as though he was trying to hide something" at the time the officer entered the cell (Doc. 1, pp. 1-2).   Second, Hunt claims that the finding of guilt was also based on the erroneous conclusion that the cellular phone data was linked to Hunt, when it was actually linked to Inmate Jordan; reference to this connection was ultimately removed from the disciplinary hearing officer's report, but the disposition did not change (Doc. 1, p. 12).   Third, the disciplinary ticket was issued on the basis of contraband found in another person's cell.   Because of the disciplinary ticket, Hunt lost forty-one days of good conduct credit, which he now asks the Court to reinstate.   In addition, he seeks to have the disciplinary ticket expunged (Doc. 1, p. 3).

## II.   Discussion

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to disciplinary segregation, or otherwise is subjected to some comparable deprivation of a constitutionally protected liberty interest.   *Id.* at 556-572; *see also Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983).   The Supreme Court has held that due process requires that the findings of the disciplinary tribunal be supported by *some* evidence in the record.   *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).   In reviewing the sufficiency of the evidence, the Seventh Circuit has instructed that lower courts

are to apply a lenient standard when determining "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (emphasis in original).

Hunt claims that his procedural due process rights, as described in *Wolff*, were violated. He also claims that the findings of the disciplinary hearing officer were supported by *no* evidence. Hunt attached documentation to the petition in support of this claim. Along with the petition, Hunt also submitted documentation setting forth the steps he took to exhaust his administrative remedies within the Federal Bureau of Prisons prior to filing this action. Without commenting on the merits of Hunt's claim, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts. Accordingly, a response shall be ordered.

### III.   Disposition

**IT IS HEREBY ORDERED** that Respondent Warden James Cross shall answer the petition or otherwise plead within thirty (30) days of the date this order is entered (on or before December 31, 2014).[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present, including any argument with regard to Hunt's failure to exhaust his administrative remedies within the Federal Bureau of

---

[1] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Prisons prior to filing this action.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate **Judge Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 1st day of December, 2014.

Digitally signed
by David R.
Herndon
Date: 2014.12.01
12:46:58 -06'00'

**District Judge**
**United States District Court**