IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK HUNT,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 14-cv-1252-CJP[1] |
| | ) |
| **JAMES CROSS,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Mark Hunt filed a petition for writ of habeas corpus under 28 U.S.C. §2241 challenging the loss of 41 days of good conduct credit imposed as a sanction pursuant to a prison disciplinary proceeding. **(Doc. 1)**.

This matter is now before the Court on respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Moot. **(Doc. 13)**. Petitioner has not filed a response to the motion.

## Relevant Facts and Procedural History

At the time he filed his habeas petition, Hunt was an inmate in the custody of the Bureau of Prisons. In December 2005, he was sentenced in the Eastern District of Missouri to 96 months imprisonment and 4 years supervised release for conspiracy to distribute and possession with intent to distribute in excess of 100 grams of heroin, distribution of heroin, and possession with intent to

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 9.

1

distribute heroin in violation of 21 U.S.C. § 841(a)(1).  His supervised release in a separate case in the Eastern District of Missouri was revoked and, in January 2006, he was sentenced to 58 months imprisonment, to run consecutive to the prior judgment, for an aggregate sentence of 12 years and 10 months imprisonment, followed by 4 years of supervised release.  Doc. 10, Ex. 1.

Petitioner's 96 month term was later reduced to 80 months pursuant to 18 U.S.C. §3582(c)(2).  He was still subject to a 4 year term of supervised release.  See, *United States v. Hunt*, Case No. 05-cr-400-SNL, Doc. 82 (E.D. Mo., February 2, 2015).

In his motion to dismiss, respondent states that petitioner was released from the BOP on October 30, 2015.  He argues that the petition is moot because, if petitioner prevailed and the Court ordered that his good conduct time be restored, that ruling would have no tangible benefit to petitioner.

Petitioner has not responded to the motion, and has not informed the Court of his release from prison or of his current address.

## Analysis

Respondent argues that this case is moot because petitioner has been released from prison.  However, this argument ignores the fact that, upon his release from the BOP, petitioner began serving a 4 year term of supervised release.

The authorities cited by respondent are inapposite.  He principally relies on *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015).  In that case, the

petitioner was challenging his extradition from Wisconsin to Illinois, i.e., his pretrial detention. The Seventh Circuit held that the challenge to his pretrial detention was rendered moot by his conviction on the charge for which he had been detained pretrial. *Jackson*, 796 F.3d at 843. *Jackson* does not apply here.

Quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), respondent also argues that petitioner does not have "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction,' necessary for his petition to be maintained." In that case, the petitioner's state parole had been revoked and he was returned to prison. He filed a habeas petition challenging the revocation of his parole, but he was released from prison, and again placed on parole, after the petition was filed. Crucially, his subsequent parole expired and his sentence was discharged while the petition was pending. Respondent is correct in stating that *Spencer* holds that there is no presumption of collateral consequences from a parole violation, but that holding has no application here. Unlike the petitioner in *Spencer*, Hunt's term of supervised release has not been discharged.

The most applicable precedent is *White v. Indiana Parole Board*, 266 F.3d 759 (7th Cir. 2001), which was not cited by respondent. The petitioner in *White* challenged the loss of 120 days of good conduct credit. He was released from prison and began a 2 year term of parole on the day after his case was argued before the Seventh Circuit. The state argued that his habeas petition was therefore moot. The Seventh Circuit disagreed:

3

> The difficulty with this position is that it disregards the link between good-time credits and release on parole. The Board's decision postponed the start of White's parole by approximately six months. . . . This means that the federal court has the power to affect the duration of White's custody (for parole is a form of custody): If the disciplinary hearing is deemed defective, the court may order Indiana to terminate White's parole when it would have expired, but for the Board's decision on the [disciplinary] charge. The proceeding is not moot.

*White*, 266 F.3d at 763.

As in *White*, Hunt's release from the prison, and thus the start of his 4 year term of supervised release, were delayed by 41 days as a result of the disciplinary action. Therefore, his petition is not moot.

While the Court must deny the Motion to Dismiss, the Court must also note that Hunt has not kept the Court informed of his current address. In the order on preliminary review, Hunt was advised that he has a continuing obligation to keep the Clerk of Court and the opposing party informed of his whereabouts. He was also advised that failure to provide written notice of his whereabouts no later than seven days after a change in address may result in dismissal of this action pursuant to Fed.R.Civ.P. 41(b). See, Doc. 3, p. 5.

Clearly, petitioner has not kept the Court informed of his whereabouts. This Court gave petitioner the "warning shot" required by *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993) in Doc. 3. Pursuant to *Johnson v. Chicago Board of Education*, 718 F. 3d 731 (7th Cir. 2013), the Court has considered whether a sanction short of dismissal of this case might be fruitful, and finds that it would not.

## **Conclusion**

Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Moot **(Doc. 13)** is **DENIED**.

However, because petitioner has failed to prosecute this case and has failed to comply with the Court's order, this action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE:  March 31, 2016.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
